# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

**Fill in this information to identify your case:**

Debtor 1: George Jennings
Name: First Middle Last

Debtor 2: _____
(Spouse, if filing) Name: First Middle Last

Case number: 20-71246
(If known)

Check if this is an amended plan [✓]
Amends plan dated: Nov 13, 2020

# Chapter 13 Plan

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

[✓] The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

[✓] The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase money security interest, as set out in Part 3, § 3.4.

[✓] The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

$ 4,030.00 per month for 60 months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** Regular payments to the trustee will be made from future income in the following *manner (check all that apply):*

[ ] Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

_____

[✓] Debtor(s) will make payments directly to the trustee.

[ ] Other (specify method of payment) _____

**2.3 Income tax refunds and return.** *Check one.*

- [x] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.
- [ ] Debtor(s) will treat income tax refunds as follows:

- [ ] Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4 Additional Payment.** *Check all that apply.*

- [x] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 Adequate Protection Payments.**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- [x] Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| Rushmore Loan Management / First Guaranty Mortgage Corp. [#7] | Homestead Real Property | $241,497.75 | $1,493.65<br>Disbursed by: Trustee<br>To begin: December 2020 | $24,377.34 | 9 | $452.00 | After confirmation |

**3.2 Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

The rest of § 3.2 will be effective only if the applicable box in Part 1 of this plan is checked.

☑ Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each nongovernmental secured claim listed below, Debtor(s) state that the amount of the secured claim should be the *lesser* of (a) the amount of the secured claim listed on the creditor's proof of claim and (b) the amount set out in the column headed *Amount of Secured Claim*. For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below. *If a nongovernmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a nongovernmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim as set forth below.*

For nongovernmental creditors, unless otherwise provided by this plan or otherwise ordered, the portion of any allowed claim that exceeds the amount of the secured claim listed below will be treated as an unsecured claim under Part 5 of this plan, and, if the amount of a creditor's secured claim is listed below as having a value of zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. For nongovernmental creditors, unless otherwise ordered, the amount of the creditor's total claim listed on the proof of claim or amended proof of claim controls over any contrary amounts listed below, but the amount of that creditor's secured claim, the value of the collateral, and the interest rate are controlled by the plan.

The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien until the earlier of:

   (a)  payment of the underlying debt determined under nonbankruptcy law, or

   (b)  discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

For secured claims of governmental units, unless otherwise ordered, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| Internal Revenue Service [#10] | $0.00 | $38,053.42 | Tax Lien | $12,631.46 | $12,036.52 | 3 % | $240.00 | After confirmation |
| State of Alabama Dept of Revenue [#3] | $0.00 | $1,445.10 | Tax Lien | $12,631.46 | $594.94 | 4 % | $12.00 | After confirmation |

**3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below:
   1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
   2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
   3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

   (a)  payment of the underlying debt determined under nonbankruptcy law, or

   (b)  discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Capital Asset Recovery / Yanni's Auto Sales [#2] | $0.00 | $21,462.84 | 2015 GMC Yukon XL | $23,912.50 | 6 % | $455.00 | After confirmation |
| Captial Asset Recovery / Reyes Motorsales [#4] | $0.00 | $16,007.20 | 2018 Toyota Camry | $16,500.00 | 6 % | $339.00 | After Confirmation |
| Spiller Furniture [#1] | $0.00 | $1,223.17 | Furniture | $1,223.17 | 6 % | $26.00 | After Confirmation |
| Check Into Cash [#5] | $0.00 | $1,441.00 | 2002 Ford Excursion | $2,500.00 | 6 % | $30.00 | After Confirmation |

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

*The rest of § 3.4 will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ **Total Avoidance.** Debtor(s) seek to totally avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment equals or exceeds the amount of the lien or security interest. Unless otherwise ordered by the court, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided in its entirety (as to the property described) upon entry of the order confirming the plan, and, unless otherwise provided by this plan or otherwise ordered, the creditor's entire claim will be treated as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(This section should be used if, after deducting the amount(s) of Debtor(s)' available exemption(s) and of any mortgage lien(s) or other unavoided lien(s) and security interest(s) that encumber the subject property, Debtor(s) have no equity in the property. Debtor(s)' schedules contain information regarding the property value(s) and information regarding the mortgage(s) and other lien(s) and security interest(s) that encumber the property.)*

| Name of Creditor | Amount of Lien or Non-PPM Security Interest | Proof of Claim Number (if a claim is filed) | Property Description (For a judicial lien, "the real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded" may be sufficient property description. For a Non-PPM security interest, describe the items pledged as collateral for the claim.) | Lien Identification (For a judicial lien, provide the recording information for the instrument that gave rise to the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county of the recording office. For a Non-PPM security interest, list the date of the security agreement, the UCC filing number, or other identifying information.) |
|---|---|---|---|---|
| Frederick L. Brown | $505.50 | | Any and all real and personal property of the judgment debtor situated in Tuscaloosa County, Alabama | Recorded 05/09/2019, Judgment Book 2019, Page 2320, Tuscaloosa County |
| Jeanette Hatcher | $3,805.50 | | Any and all real and personal property of the judgment debtor situated in Tuscaloosa County, Alabama | Recorded 10/02/2018, Judgment Book 2018, Page 4547, Tuscaloosa County |
| Susan J. Gault | $9,349.25 | | Any and all real and personal property of the judgment debtor situated in Tuscaloosa County, Alabama | Recorded 06/29/2017, Judgment Book 2017, Page 2895, Tuscaloosa County |
| Fannie Lee Pruitt | $842.50 | | Any and all real and personal property of the judgment debtor situated in Tuscaloosa County, Alabama | Recorded 07/10/2014, Judgment Book 2014, Page 3823, Tuscaloosa County |
| CNAC Alabama Inc. | $9,835.44 | | Any and all real and personal property of the judgment debtor situated in Tuscaloosa County, Alabama | Recorded 06/28/2006, Judgment Book 2006, Page 1877, Tuscaloosa County |

☐ **Partial Avoidance.** Debtor(s) seek to partially avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment is less than the amount of the lien or security interest. Unless otherwise ordered, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided to the extent that it impairs such exemption(s) upon entry of the order confirming the plan. The amount of the judicial lien or Non-PPM security interest that is *not* avoided will be paid in full as a secured claim under the plan, as set forth below. Unless otherwise provided by this plan or otherwise ordered, the amount by which the creditor's claim exceeds the amount of the secured claim listed below shall be paid as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(If more than one lien or security interest is to be partially avoided, a separate chart must be used for each. Insert additional charts in § 3.4 as needed.)*

| Information Regarding Judicial Lien or Non-PPM Security Interest | Calculation of Judicial Lien or Non-PPM Security Interest Avoidance | Treatment of Remaining Secured Claim |
|---|---|---|
| **Name of Creditor:** | a. List the value of the *entire* Property: $ | **Amount of Secured Claim After Avoidance** (line "f") $ |
| **Proof of Claim Number** (if a claim is filed): | b. List the total value of all mortgage lien(s) and other unavoided lien(s) or security interest(s) encumbering the Property: $ | **Interest Rate** (if applicable): % |
| **Lien / Non-PPM Security Interest Identification** (For a judicial lien, provide the recording information for the instrument that gave rise to the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county of the recording office. For a Non-PPM security interest, list the date of the | c. Subtract line "b" from line "a" (This is referred to as the "Equity".): $ | **Monthly Fixed Payment on Secured Claim:** $ |

| | | | |
|---|---|---|---|
| security agreement, the UCC filing number, or other identifying information.): | | | Monthly Fixed Payment to Begin: |
| | d. If Debtor(s) are the sole owner(s) of the Property, list the entire amount from line "c". If there are additional owner(s), calculate Debtor(s)' share of the Equity (e.g., divide line "c" by the number of owners) and list that amount: | $ | |
| Description of Property (the "Property") (For a judicial lien, "the real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded" may be a sufficient property description. For a Non-PPM security interest, describe the items pledged as collateral for the claim.): | e. List the total amount of all available exemption(s): | $ | *DO NOT USE THIS CHART FOR JUDICIAL LIENS OR NON-PPM SECURITY INTERESTS THAT DEBTOR(S) SEEK TO AVOID IN THEIR ENTIRETY.* |
| | f. Subtract line "e" from line "d" (This is the amount of the remaining secured claim.): | $ | |
| | g. Amount of the judicial lien or Non-PPM security interest to be avoided: | $ | |
| | h. Subtract line "f" from line "g" *(This is the portion of the lien or security interest that is avoided.)*: | $ | |

**3.5 Surrender of collateral.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
- [x] Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Trademark Automotive | 2008 Ford Expedition |

### Part 4: Treatment of Fees and Priority Claims

**4.1 General.**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2 Chapter 13 case filing fee.** *Check one.*

- [x] Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
- [ ] Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3 Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $ 3,500.00   . The amount of the attorney fee paid prepetition is $ 0.00   .

The balance of the fee owed to Debtor(s)' attorney is $ 3,500.00  , payable as follows (*check one*):

- [ ] $ _____ at confirmation and $ _____ per month thereafter until paid in full, or
- [x] in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4 Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
- [x] The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| Internal Revenue Service [#10] | $ 7,802.95 | $ 0.00 | N/A |

**4.5 Domestic support obligations.** *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
- [x] Each of the allowed priority claim(s) listed below is based on a domestic support obligation that is owed to a domestic support obligation claimant (e.g., a former spouse or custodial parent) or based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid in full. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.
- [ ] One or more of the allowed priority claim(s) listed below is based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C. § 1322(a)(4). This plan provision requires that payments in § 2.1 be for a term of 60 months. See 11 U.S.C. § 1322(a)(4). Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

Debtor(s): George Jennings    Case number: 20-71246    Eff (01/01/2019)

| | Name of Creditor | Estimated Amount of Claim to be Paid | Will Claim be Paid in Full? | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|---|---|
| + / − | State of Alabama DHR | $ 20,914.72 | ● Yes  ○ No | $ | N/A |

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**
Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2 Percentage, Base, or Pot Plan.** *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.

☑ Percentage Plan. This plan proposes to pay   0   % of each allowed nonpriority unsecured claim.

☐ Pot Plan. This plan proposes to pay $ _____ , distributed pro rata to holders of allowed nonpriority unsecured claims.

☐ Base Plan. This plan proposes to pay $ _____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan.

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2** The executory contracts and unexpired leases listed below are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

### Part 7: Sequence of Payments

**7.1** Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8: Vesting of Property of Estate

**8.1 Property of the estate will vest in Debtor(s)** *(check one):*

☑ Upon plan confirmation.

☐ Upon entry of Discharge.

## Part 9: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

☑ **Nonstandard provisions.** *Nonstandard provisions are required to be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective. A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it. These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.*

\*\* THIS PLAN PROPOSES TO PAY THE CONTINUING CURRENT MORTGAGE PAYMENT THROUGH THE CHAPTER 13 TRUSTEE AS DESCRIBED BELOW:

(1) In Section 3.1 of Debtor's Plan, the Debtor provides that the Trustee will disburse the current installment payment on the long term secured debt of Rushmore Loan Management / First Guarantee Mortgage Corp. For each such debt, the current installment payment by the Trustee shall begin in the month indicated in Section 3.1 of this Plan.

(2) The Trustee shall treat Pre-Confirmation, current installment payments (AND any post-confirmation, current installment payments coming due prior to the fixed payment commencement date specified by the Plan) as adequate protection payments under Section 2.5 of the Plan, but the Creditor shall apply such payment to the current installment payment then due.

(3) The amount of each current installment payment shall be the amount as set out in Section 3.1 of the Plan unless and until the Creditor files a proof of claim or notice of mortgage payment change specifying a different current installment payment amount. In such case, said claim or said notice shall control the current installment payment due unless objected to by Debtor.

(4) Provided the Debtor(s) makes the regular payment to the Trustee by the last business day of the month in which said payment is due, the Creditor listed in Section 3.1 shall treat the current installment payment for said month as timely paid, notwithstanding the fact that the creditor may receive the Trustee's disbursement after the contractual due date.

## Part 10: Signatures

**Signature(s) of Debtor(s)** (*required*):

✗ /s/ George Jennings     Date Jun 4, 2021

✗ _____     Date

**Signature of Attorney for Debtor(s):**     ✗ /s/ Eric M. Wilson     Date Jun 4, 2021

Name/Address/Telephone/Attorney for Debtor(s):

Eric M. Wilson
Eric Wilson Law, LLC
1902 8th Street
Tuscaloosa AL 35401
205.349.1280
ewilson@ericwilsonlaw.com

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA - WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GEORGE JENNINGS | ) | BK. NO 20-71246 |
| | ) | |
| DEBTOR(S). | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2021 that I served the Amended Plan on the following parties, and that I served on each of the parties so specified in the attached matrix by US Mail with proper postage, unless an e-mail address is specified below any of the entries below or attached, then, I certify that I served each of those parties by electronic mail

C. DAVID COTTINGHAM
CHAPTER 13 TRUSTEE
VIA EMAIL TO DCOTTINGHAM@CH13TUSCALOOSA.COM

All Parites on ECF Matrix
VIA US MAIL

/S/ Eric M. Wilson
Counsel for Debtor

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-7<br>Case 20-71246-JHH13<br>NORTHERN DISTRICT OF ALABAMA<br>Tuscaloosa<br>Fri Jun  4 11:57:12 CDT 2021 | Steering Committee<br>c/o Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>Bank of America Tower<br>New York, NY 10036-6745 | U. S. Bankruptcy Court<br>2005 University Blvd., Room 2300<br>Tuscaloosa, AL 35401-1546 |
| Bama Concrete Products Co<br>PO Box 1099<br>Tuscaloosa, AL 35403-1099 | Barclays Bank Delaware<br>Attn: Correspondence<br>Po Box 8801<br>Wilmington, DE 19899-8801 | Barclays Bank Delaware<br>P.o. Box 8803<br>Wilmington, DE 19899-8803 |
| CAPITAL ASSET RECOVERY<br>P.O. BOX 192585<br>DALLAS, TX 75219-8523 | CNAC<br>2700 Skyland Blvd<br>Tuscaloosa, AL 35405-4422 | Caine & Weiner<br>Attn: Bankruptcy<br>5805 Sepulveda Blvd<br>Sherman Oaks, CA 91411-2546 |
| (p)CAINE & WEINER COMPANY<br>12005 FORD ROAD 300<br>DALLAS TX 75234-7262 | Check Into Cash d/b/a Check Into Cash of Ala<br>Bankruptcy Division<br>Attn: Collections<br>PO Box 550<br>Cleveland, TN 37364-0550 | Check into Cash<br>1911 Skyland Blvd E<br>Tuscaloosa, AL 35405-5865 |
| Christopher Johnson<br>2109 Laurel Lake Drive<br>Tuscaloosa, AL 35405-6622 | Credit Acceeptance Corporation<br>PO Box 5070<br>Southfield, MI 48086-5070 | Credit Acceptance C/O Zarzaur & Schwartz<br>2209 Morris Ave<br>Birmingham, AL 35203-4211 |
| Credit Acceptance Corp.<br>25505 W. 12 Mile Rd<br>Suite 3000<br>Southfield, MI 48034-8331 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | Fannie Lee Pruitt<br>923 17th Ave N<br>Tuscaloosa, AL 35406-2007 |
| First Guaranty Mortgage Corporation<br>Rushmore Loan Management Services, LLC<br>P.O. Box 55004<br>Irvine, CA 92619-5004 | Frederick Brown<br>405 Standing Back Dr<br>Atlanta, GA 30331-8414 | Harry Dennis<br>1112 14th Pl E<br>Tuscaloosa, AL 35404-3818 |
| Howard Mason, Jr.<br>PO Box 1266<br>Tuscaloosa, AL 35403-1266 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | James Kimbrough<br>10857 Warren Dr<br>Cottondale, AL 35453-2890 |
| Jeanette Hatcher<br>1032 Crabtree Rd<br>Tuscaloosa, AL 35405-5573 | Leavell & Associates<br>Hallie L Leavell Esq<br>P.O. Box 20295<br>Tuscaloosa, AL 35402-0295 | Leeds Car Depot<br>7545 Parkway Dr<br>Leeds, AL 35094-4813 |
| Lowe's Home Centers #0423<br>4900 Oscar Baxter Dr<br>Tuscaloosa, AL 35405-3662 | Lowes<br>Attn Bankruptcy Department<br>PO Box 10104<br>Roswell, GA 30076 | Lowes<br>PO Box 530970<br>Atlanta, GA 30353-0970 |

| | | |
|---|---|---|
| Lowes<br>PO Box 965005<br>Orlando, FL 32896-5005 | McCalla Raymer Liebert Pierce, LLC<br>Two North Twentieth<br>2-20th St N, Ste 1310<br>Birmingham, AL 35203-4021 | Michelet & Mattie Narcisse<br>401 39th St<br>Tuscaloosa, AL 35405-2947 |
| Midwest Recovery Systems<br>514 Earth City Plaza<br>Earth City, MO 63045-1303 | Midwest Recovery Systems<br>Attn: Bankruptcy<br>Po Box 899<br>Florissant, MO 63032-0899 | Mr & Mrs Christopher Laha<br>15216 Jack Lunceford Dr<br>Cottondale, AL 35453-2887 |
| PYOD, LLC<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 | Progressive Insurance<br>6300 Wilson Mills Road<br>Cleveland, OH 44143-2182 | Progressive Insurance<br>PO Box 89480<br>Cleveland, OH 44101-6480 |
| Reyes Motorsales<br>727 Baltimore Ave<br>Albertville, AL 35950-2903 | Reyes Motorsales<br>PO Box 2814<br>Albertville, AL 35950-0046 | RoundPoint Mortgage Servicing Corporatio<br>Attn: Bankruptcy<br>Po Box 19409<br>Charlotte, NC 28219-9409 |
| RoundPoint Mortgage Servicing Corporatio<br>Po Box 19409<br>Charlotte, NC 28219-9409 | Rushmore Loan Mgmt Srvc<br>Attn: Bankruptcy<br>Po Box 55004<br>Irvine, CA 92619-5004 | Rushmore Loan Mgmt Srvc<br>Pob 52708<br>Irvine, CA 92619-2708 |
| Slate & Cook, P.C.<br>PO Box 1344<br>Decatur, AL 35602-1344 | (p)SPILLER FURNITURE COMPANY<br>PO BOX 020824<br>TUSCALOOSA AL 35402-0824 | State of Al Dept of Human Resources<br>PO Box 11926<br>Birmingham, AL 35202-1926 |
| (p)STATE OF ALABAMA DEPARTMENT OF REVENUE<br>P O BOX 320001<br>MONTGOMERY AL 36132-0001 | Susan Gault<br>3831 Perdido Lane<br>Northport, AL 35473 | Trademark Automotive Group<br>2055 Skyland Blvd E<br>Tuscaloosa, AL 35405-4320 |
| Trident Asset Management<br>10375 Old Alabama Rd Ste<br>Alpharetta, GA 30022 | Trident Asset Management<br>Attn: Bankruptcy<br>Po Box 888424<br>Atlanta, GA 30356-0424 | William King<br>1298 Manora Estates Dr<br>Tuscaloosa, AL 35405-8709 |
| (p)YANNIS AUTO SALES INC<br>282 US HWY 431<br>BOAZ AL 35957-2124 | C David Cottingham<br>Chapter 13 Standing Trustee<br>701 22nd Avenue, Suite 4<br>P O Drawer 020588<br>Tuscaloosa, AL 35402-0588 | Eric M Wilson<br>Eric Wilson Law, LLC<br>1902 8th Street<br>Tuscaloosa, AL 35401-2128 |
| George Curtis Jennings Jr.<br>7219 Crab Apple Circle<br>Tuscaloosa, AL 35405-6709 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Caine & Weiner<br>Po Box 55848<br>Sherman Oaks, CA 91413 | Discover Financial<br>Attn: Bankruptcy Department<br>Po Box 15316<br>Wilmington, DE 19850 | (d)Discover Financial<br>Po Box 15316<br>Wilmington, DE 19850 |
| Spiller Furniture<br>5605 Mcfarland Blvd<br>Northport, AL 35476 | (d)Spiller Furniture<br>Attn: Bankruptcy<br>Po Box 20824<br>Tuscaloosa, AL 35402 | State of Al Dept of Revenue<br>Legal Division<br>PO Box 320001<br>Montgomery, AL 36132-0001 |
| Yanni's Auto Sales<br>282 US-431<br>Boaz, AL 35957 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)First Guaranty Mortgage Corporation by Rus

End of Label Matrix
Mailable recipients    57
Bypassed recipients     1
Total                  58